United States District Court
Southern District of Texas
**ENTERED**
October 19, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **MARSHALL TODD WARD,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **Civil Action No. 6:20-CV-00036** |
| | § | |
| **LORIE DAVIS,** | § | |
| | § | |
| Respondent. | § | |

## ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the August 19, 2020 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Julie K. Hampton. (Dkt. No. 12). In the M&R, Magistrate Judge Hampton *sua sponte* recommends dismissal of *pro se* Petitioner Marshall Todd Ward's Petition for Writ of Habeas Corpus under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), specifically 28 U.S.C. § 2254, because he failed to prosecute his case under Federal Rule of Civil Procedure 41(b).[1]

The Parties were provided proper notice and the opportunity to object to M&R. *See* 28 U.S.C. § 636(b)(1). No party has objected. As a result, review is straightforward: plain error.[2] *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

---

[1] Federal Rule of Civil Procedure 41(b) provides in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A district court may *sua sponte* dismiss an action under Rule 41(b). *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016).

[2] The comment to Rule 72 of the Federal Rules of Civil Procedure states that Rule 72 is inapplicable in the habeas corpus context. *See* Fed. R. Civ. P. 72(b) advisory committee's note to

(continue)

No plain error appears.  Accordingly, the Court **ACCEPTS** the M&R as the Court's Memorandum Opinion and Order.  The Court **DISMISSES WITHOUT PREJUDICE** Petitioner Marshall Todd Ward's Petition for Writ of Habeas Corpus, (Dkt. No. 1), for failure to prosecute under Federal Rule of Civil Procedure 41(b).

It is SO ORDERED.

Signed on October 18, 2021.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

1983 addition; *accord Nara v. Frank*, 488 F.3d 187, 195 (3d Cir. 2007).  Rather, Rule 8 of the rules governing AEDPA cases provides instructions on the timely filing of objections that, in relevant part, mirror 28 U.S.C. § 636(b)(1)(C).  *Compare* Rule 8, Rules Governing Section 2254 Cases ("Within 14 days after being served, a party may file objections as provided by local court rule.  The judge must determine de novo any proposed finding or recommendation to which objection is made.") *with* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Thus, this Court considers Rule 8 and Section 636(b)(1)(C) alongside Fifth Circuit precedent in weighing the effect of a failure to timely object to an M&R addressing a habeas petition.